16 F.3d 418
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Charles Wayne KEEFAUVER, Defendant-Appellant.
 No. 93-1172.
 United States Court of Appeals, Tenth Circuit.
 Feb. 4, 1994.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, ANDERSON, and KELLY, Circuit Judges.
 
 MOORE
 
 1
 This appeal arises from a plea agreement resulting in Mr. Keefauver's plea of guilty to one count of a multi-count indictment. He originally raised three issues in his opening brief, but with his written consent two of those issues were withdrawn. In evident reliance upon that withdrawal, the government responded to only the third and remaining issue. Subsequently, while yet represented by counsel, Mr. Keefauver filed a pro se statement indicating his wish to withdraw the withdrawal previously executed by him.
 
 
 2
 Mr. Keefauver is represented in this court by a capable and experienced attorney and has no standing to appear pro se. His effort to manipulate the progress of this appeal will not be countenanced by the court. We have, however, reviewed the withdrawn issues and find them lacking in merit.[2]
 
 
 3
 Defendant contends the district court improperly imposed a fine for the costs of supervised release despite having refused to impose a punitive fine because of Mr. Keefauver's inability to pay. Relying upon United States v. Labat, 915 F.2d 603, 607 (10th Cir.1990), defendant contends the sentence was illegally imposed.
 
 
 4
 The government responds that this issue is raised for the first time on appeal. The government points out had an objection been raised the district court could have reconsidered whether Mr. Keefauver's earning prospects are such that it would have amended its original finding of inability to pay.
 
 
 5
 When the issue is whether a defendant without earning capacity can be fined for the costs of supervision when a punitive fine is not imposed, Labat is the law of this circuit. We said, "a fine is a fine" whether imposed for punitive or "additional" purposes. 915 F.2d at 607. Thus, if a person does not have the financial ability to pay a punitive fine, it must ordinarily follow the person would be incapable of paying an additional fine for the costs of supervised release. In that circumstance, the court cannot impose an "additional" fine upon the impecunious defendant.
 
 
 6
 In this case, however, the district court appears to have been motivated by defendant's own representation he had earned $44,000 gross wages per year and he can do "whatever it takes to make a living." This testimony prompted the court to impose a fine for the costs of supervised release "because I think the defendant has the ability to be gainfully employed." Yet, on the face of the record this finding is in conflict with the subsequent finding "the defendant has no ability to pay a fine."
 
 
 7
 In context, however, it should be noted the court "waived" the punitive fine because it thought "reimbursement for the cost of supervision is a better allocation of resources in this case," suggesting the court believed a circumstance other that the inability to pay was taken into consideration. This suggestion is supported by a statement attributed to defendant's girlfriend that his debts made questionable whether his resources would produce income sufficient to allow the payment of the costs of supervision. Yet, defendant's own testimony concerning his past earning ability cannot be gainsaid.
 
 
 8
 Taking these circumstances into consideration, particularly in light of defendant's failure to object to the fine at sentencing, we believe the most appropriate result is to remand the matter to the district court for further consideration in light of Labat. The court may wish to reconsider the basis for its waiver of the punitive sentence, or it may wish to make further findings that would remove this case from under the Labat shadow. Whether one of these, or any other disposition, is appropriate must be based upon findings of fact made by the district court. Accordingly, the matter is REMANDED for further proceedings.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. --- F.R.D. ----
 
 
 [2]
 The opening brief contends the district court failed to comply with Fed.R.Crim.P. 11 because it did not inform him of and did not determine his understanding of the nature of the charge to which he pled. The record indicates to the contrary because, taken in context with the court's direct statement of the charges and defendant's acknowledgment of the facts of the offense contained in the plea agreement, there is ample evidence defendant was informed of the charges and did understand them. Although defendant also argues the court failed to determine the plea was voluntary, defendant's extended colloquies with the court portray he voluntarily entered his plea despite the district court's frequently displayed willingness to accept a plea of not guilty and proceed to trial